**STATE of Tennessee, Appellee,**

v.

**James A. BAKER, Jr., Appellant.**

Court of Criminal Appeals of Tennessee,
at Jackson.

Nov. 1, 1989.

Permission to Appeal Denied by
Supreme Court Feb. 5, 1990.

James D. Wilson, Harris, Shelton, Dunlap & Cobb, Charles R. Curbo, Memphis (at trial), for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Joel W. Perry, Asst. Atty. Gen., Nashville, Paul Goodman, James Dedman, Asst. Dist. Attys. Gen., Memphis, for appellee.

## OPINION

DWYER, Judge.

This is an appeal as a matter of right by James A. Baker, Jr. from the judgment of the Shelby County Criminal Court affirming a jury verdict finding appellant guilty of robbery with a deadly weapon. Appellant was sentenced as a Range I standard offender to serve eleven years in the Department of Corrections. Nine issues are presented for appellate review. Inasmuch as no challenge to the sufficiency of the convicting evidence has been raised, only a brief recitation of the facts is offered.

On or about August 29, 1987, a man entered the Video Showtime in Memphis about closing time and robbed it at gunpoint. Three attendants observed the robber. A few days following the incident, each witness individually identified the appellant from photographic arrays. All three also positively identified the appellant at trial.

ISSUE I. Whether the appellant was denied the effective assistance of trial counsel.

■ The appellant contends that he was not provided effective assistance of counsel at trial. The State submits that the issue has been waived inasmuch as it was not raised in the motion for new trial. We are in accord with the State and therefore leave the merits or nonmerits of this issue for a later day. Rule 3(c), Tenn.R.App.P.; *State v. Brock,* 678 S.W.2d 486 (Tenn.Crim. App.1984). The first issue is waived.

ISSUE II. Whether the trial court erred in quashing the subpoenas requested by appellant.

■ The appellant contends that the trial court erred in quashing the subpoenas duces tecum that had been issued by appellant for certain police records. Specifically, appellant sought to subpoena the police dispatcher tape for all incoming and outgoing dispatcher broadcasts for a four-hour period from August 29, 1987 to August 30, 1987 as well as Crime Stopper records. The attorney's reason for wanting the tapes was to discover whether there was a discrepancy in the description of the robber that was broadcast over the police radios and the descriptions given by the witnesses.

We cannot agree with appellant's argument. In *Bacon v. State,* our Supreme Court quoted 97 C.J.S. *Witnesses* § 9 for the proposition that:

A court is not required to issue compulsory process for anyone whom accused may designate as a witness; the constitutional right to compulsory process required such process for, and only for, competent, material, and resident witnesses whose expected testimony will be admissible. Within these limitations accused may obtain the attendance of any witnesses he cares to use.

215 Tenn. 268, 385 S.W.2d 107, 109 (1964).

In the case *sub judice,* appellant failed to demonstrate the relevancy of the materials sought. He offered no proof concerning any possible discrepancy between the description of the robber offered by the officer that made the initial broadcast and that of other witnesses. As to the subpoena for Crime Stopper records, the attorney for the appellant admitted that he had no specific knowledge that Crime Stoppers had received a tip regarding this case.

■ Assuming, *arguendo,* that the trial court erred in quashing the subpoenas for the dispatcher tapes, any error would be harmless in view of the fact that the officer that made the initial broadcast had been subpoenaed to trial and was available to testify.

The issue is overruled.

ISSUE III. Whether the trial court properly refused to allow the appellant to cross-examine witnesses regarding alleged prior bad acts.

■ The appellant contends that the trial judge erred in not allowing the cross-examination of two of the State's witnesses, Mr. Williams and Mr. Harmon, regarding alleged prior bad acts. Specifically, the appellant argues that such a collateral attack on the testimony of the State's witnesses would establish bias or motive on their part. We cannot agree with the appellant.

In the first instance, there was no factual basis established for the questions. Counsel for the appellant acknowledged at trial that he had no factual basis that Mr.

Williams was involved in a prior bad act, ie., thefts from the store. In the second instance, asking the witness if the police had questioned him about inside thefts brought a negative answer. He did not question the co-employee, Harmon, about alleged thefts in the store; nor did he ask the store owner about any alleged thefts.

The issue is without merit and is overruled.

ISSUE IV. Whether the trial court erred in prohibiting the appellant from impeaching a State's witness.

■ The appellant contends that the trial court improperly restricted the impeachment of Ms. Kallaher by not allowing a previously inconsistent statement to be read to the jury. The record reveals that Ms. Kallaher testified at trial that the robber's hair parted from left to right. On cross-examination she testified that she did not recall telling the defense attorney that the robber's hair parted from right to left.

■ The decision to admit or exclude evidence is left to the discretion of the trial judge and his decision will not be disturbed unless it is arbitrarily exercised. *State v. Hawk,* 688 S.W.2d 467 (Tenn.Crim.App. 1985). In the instant case, the trial judge's decision was not arbitrary under the circumstances. *See Blackmon v. Estate of Wilson,* 709 S.W.2d 596 (Tenn.App.1986).

In the best light to appellant, we cannot say that proving how appellant parts his hair would have affected the results. Furthermore, the witness did not make an unequivocal denial, which was necessary in order for proper impeachment.

The issue, therefore, is overruled.

ISSUE V. Whether the trial court erred in refusing to allow appellant's counsel to withdraw a question.

■ The appellant contends that the trial judge erred in refusing to allow defense counsel to withdraw a question regarding information of appellant's possible involvement in other robberies. The State contends that this issue has been waived by the appellant's failure to preserve the issue.

Pursuant to Rule 3(e), Tenn.R.App.P., "no issue presented for review shall be predicated upon error in the ... misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought unless the same was specifically stated in a motion for new trial; otherwise, such issues will be treated as waived." *See State v. McKinney*, 603 S.W.2d 755 (Tenn.Crim.App.1980); *State v. Gauldin*, 737 S.W.2d 795 (Tenn.Crim.App. 1987).

The issue, not in the motion for new trial, is waived.

ISSUE VI. Whether the trial court erred in its instruction to the jury on character evidence.

The appellant contends' that the trial judge erred in instructing the jury regarding character evidence. The State contends that this question has been waived for failure to properly preserve the issue.

■ The record reveals that the appellant did not object to the instruction as given by the judge, and did not raise the issue in his motion for new trial. Therefore, the appellant's failure to raise a contemporaneous objection or to preserve the issue in his motion for new trial, results in waiver. Rule 3(e), Tenn.R.App.P.; *State v. Haynes*, 720 S.W.2d 76 (Tenn.Crim.App. 1986); *State v. Crocker*, 697 S.W.2d 362 (Tenn.Crim.App.1985).

Accordingly, this issue has been waived.

ISSUE VII. Whether the trial court made a prejudicial comment during appellant's direct testimony.

■ During a lengthy answer to a question on direct examination, the appellant directly addressed the jury, and the State immediately objected. In ruling on the objection the trial judge stated:

Don't converse with the jury son. This is not rehearsed. I'm not interested in this. You respond to your lawyer's questions. I'm not interested in speeches. And if you do it again, I'm going to send the jury out.

The appellant contends that the trial court erred in making an alleged prejudicial comment while ruling on an objection during his direct testimony. He further contends that the trial court erred by refusing to grant a mistrial.

The issue to be determined is not the propriety of the judicial conduct of the trial judge, but whether he committed an error which resulted in an unjust disposition of the case. *State v. Hawk, supra.* Here, the judge's statement was an attempt to warn the appellant from giving rehearsed testimony. *See State v. Howell*, 698 S.W.2d 84 (Tenn.Crim.App.1985). While the court could have used more pristine language to convey his point, the language used did not deprive the appellant of a fair trial.

The issue is overruled.

ISSUE VIII. Whether the trial court correctly instructed the jury on the missing witness rule.

The appellant contends that the trial judge erred by instructing the jury on missing witnesses. The State submits that the instruction was proper.

■ A prosecutor may comment upon the failure of the defendant to call an available and material witness whose testimony would ordinarily be expected to favor the defendant. When it can be said with reasonable assurance that it would have been natural for a party to call the absent witness, but for some apprehension about his testimony, an inference may be drawn by the jury that the testimony would have been unfavorable. *State v. Francis*, 669 S.W.2d 85 (Tenn.1984).

■ Tennessee courts examine a three-prong test that the evidence must show as a predicate for comment on a missing witness: (1) that the witness had knowledge of material facts; (2) that a relationship exists between the witness and the party that would naturally incline the witness to favor the party; (3) that the missing witness was available to the process of the court. *Delk v. State*, 590 S.W.2d 435 (Tenn.1979); *State v. Cannon*, 661 S.W.2d 893 (Tenn.Crim. App.1983); *State v. Francis, supra.* In the instant case, the witness met the *Delk*

standard for determining who is a missing witness.

 The appellant and his friend, Mr. Jaco, testified that Brenda Franks was at the appellant's home with them at approximately 11:00 p.m. on the night of the robbery. Therefore, she would have knowledge of material facts regarding the appellant's alibi defense. Ms. Franks was a friend of Mr. Jaco and, according to the appellant, she could testify that the appellant was at home at the time of the robbery. This would establish a relationship that would cause Ms. Franks to favor the appellant as a witness. Finally, the defense knew the location of Ms. Franks since she had been subpoenaed previously, making her available to the process of the court. The appellant, subsequently, requested process for the witness on the fourth day of the trial, but the record shows that counsel for the appellant accepted the subpoena. No other evidence was adduced.

Under such circumstances, the trial court did not err in instructing the jury regarding the missing witness rule. Thus, this issue is without merit.

ISSUE IX. Whether the trial court abused its discretion in refusing to reopen the proof to allow additional evidence regarding the missing witness.

 After a lengthy discussion regarding the State's request for a jury instruction on the missing witness, the trial judge granted the request. The appellant then made a request that the proof be reopened which was denied by the trial judge. The appellant contends that the trial court erred by refusing to reopen the proof after having ruled on the admissibility of the missing witness rule. We cannot agree with appellant's argument.

It is within the discretion of the trial judge to decide whether to reopen the proof for further evidence, and the decision of the trial judge will not be set aside unless there is a showing that an injustice has been done. *State v. Bell*, 690 S.W.2d 879 (Tenn.Crim.App.1985). In the case *sub judice*, no such indication of injustice has been offered. Furthermore, no effort was made to advise the trial court of the testimony the appellant would seek to introduce or make an offer of proof so an informed ruling could be made by the trial judge and by this Court on review.

The issues presented for appellate review are found to be without merit. Accordingly, the judgment of the trial court is affirmed.

BYERS and BIRCH, JJ., concur.