IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1999 SESSION

FILED

July 9, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 03C01-9809-CR-00325 |
| | ) | |
| vs. | ) | McMinn County |
| | ) | |
| JAMES RICHARD WATSON, | ) | Hon.  R.  Steven Bebb, Judge |
| | ) | |
| Appellant. | ) | (Sentencing) |

FOR THE APPELLANT:

**CHARLES M. CORN**
District Public Defender
53-A Central Avenue
Cleveland, TN 37364

**WILLIAM C. DONALDSON**
Assistant Public Defender
110 ½ Washington Avenue N.E.
Athens, TN 37303

FOR THE APPELLEE:

**PAUL G. SUMMERS**
Attorney General & Reporter

**R. STEPHEN JOBE**
Assistant Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN  37243-0493

**JERRY N. ESTES**
District Attorney General

**AMY REEDY**
Assistant District Attorney General
130 Washington Avenue
Athens, TN 37371

OPINION FILED:_____

AFFIRMED

**JAMES CURWOOD WITT, JR., JUDGE**

OPINION

The defendant, James Richard Watson, appeals from his sentence imposed for aggravated assault, a Class C felony, in the McMinn County Criminal Court. <u>See</u> Tenn. Code Ann. § 39-13-102(a)(1)(B) (1997). The trial court imposed a five year sentence in the Tennessee Department of Correction. In this direct appeal, the defendant challenges the length of the sentence imposed and the manner of service. After a review of the record, the briefs of the parties, and the applicable law, we affirm the sentence.

The evidence of the circumstances of the offense was presented at the sentencing hearing after the defendant pleaded guilty. The victim testified that on January 28, 1998, a neighbor, the defendant, knocked on the front door of his home asking about his dog. As the victim's wife attempted to close the door, the defendant pushed the door open, knocked the victim's wife back against a doorway and caused a lump on the back of her head. The victim barely heard his wife yelling for him as the defendant hit her and choked her. The victim approached the defendant with a rifle which the defendant grabbed. The defendant drew and opened a large switch-blade-type knife with a serrated edge. The victim told the defendant twice to put the knife back in his pocket. As the defendant was leaving, he cut the victim's hand with the knife.

At the time of sentencing, the 29-year old defendant had a sparse employment history. He had been married for eleven years and had four children. The presentence report reveals no prior criminal convictions, but the preparer of the presentence report testified at the sentencing hearing regarding the defendant's criminal history in Indiana. At the time of the offense, the defendant had been released only eight days earlier from jail in Indiana on his own recognizance. There were pending charges for rape, criminal deviate conduct, and public intoxication in Indiana. The defendant admitted that he had a 1997 Indiana criminal conviction for

2

battery, a Class A misdemeanor.

The defendant contends that the court erred in applying three of the five enhancement factors the court used to assess the length of his sentence. When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). "The burden of showing that the sentence is improper is upon the appellant." Id. In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely *de novo.* Id. If appellate review reflects the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-210(a), (b) (1997); Tenn. Code Ann. § 40-35-

3

103(5) (1997); State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

In the present case, the trial court's sentencing determination is not entitled to the presumption of correctness because the trial court erred in applying two enhancement factors and did not place on the record its findings regarding the need for incarceration. Accordingly, we will review the sentence under a purely *de novo* standard.

## 1. Length of Sentence

In determining the sentence, the trial court applied five enhancement factors: (1) a previous history of criminal convictions and behavior, (2) the offense involved more than one victim, (3) both victims were particularly vulnerable because of their age, (4) a previous history of unwillingness to comply with the conditions of release in the community, and (5) the offense was committed while on bail. See Tenn. Code Ann. § 40-35-114(1), (3), (4), (8), (13) (1997). The trial court found mitigation applicable for the defendant's show of remorse and the defendant's voluntarily seeking treatment for alcohol or drug abuse. The defendant contests the application of three enhancement factors: a previous history of criminal convictions and behavior, a previous history of unwillingness to comply with the conditions of release in the community, and that the offense was committed while on bail.

## a. Factor (1)

Regarding enhancement factor (1), a previous history of criminal convictions or criminal behavior, the defendant argues this factor should not be applied because his criminal history was not extensive. A defendant's criminal history need not be extensive for enhancement factor (1) to be applied. The defendant admitted a prior conviction for battery in Indiana. Additionally, the defendant testified that he abused alcohol and drugs throughout his life and used

4

drugs up to two and one-half to three years before the date of the current offense. This was ample evidence to apply enhancement factor (1). See State v. Melissa Ann Sweat, No. 03C01-9708-CC-00348, slip op. at 6 (Tenn. Crim. App., Knoxville, Oct. 12, 1998); State v. Algernon Willie Rice, No. 03C01-9707-CR-00252, slip op. at 7 (Tenn. Crim. App., Knoxville, Aug. 14, 1998).

### b. Factor (8)

The defendant argues enhancement factor (8), a previous history of unwillingness to comply with the conditions of release in the community, should not apply to his case because there was no evidence presented at the sentencing hearing showing he was on probation or any other form of release in the community. Specifically, the defendant contests application of this factor because no probation orders were entered as evidence. There was testimony presented at the sentencing hearing by Ginger Long, the preparer of the defendant's presentence report. Long testified she had sent a "record check" to Connersville, Indiana, and in response, she received a phone call from a probation officer in Connersville regarding the defendant's criminal record. The defendant objected to her testimony as hearsay, but the trial court overruled the objection. Long testified that the probation officer said the defendant received one year probation on August 5, 1997, following a Class A misdemeanor battery conviction. Long also testified that the defendant had charges pending in Indiana on which he had been released on his own recognizance, a circumstance the defendant confirmed by his own testimony. Long had not received the defendant's records from Indiana at the time of sentencing, but she had confirmed that the records had been sent and received in "Nashville" and that "Nashville" forwarded them to her on Thursday before the Monday on which the sentencing hearing was held.

Although the defendant objected to this testimony as hearsay at the

sentencing hearing, he does not reiterate that argument in his brief. Instead, the defendant argues there is no evidence in the record showing the defendant was on probation at the time of this offense. The state points to Ginger Long's testimony as the evidence necessary to prove the defendant was on probation at the time of the present offense. The trial court allowed Long to testify because it found her testimony was reliable hearsay.

The standard of review applicable to the decision to admit evidence is abuse of discretion. State v. Dubose, 953 S.W.2d 649, 652 (Tenn. 1997); State v. Baker, 785 S.W.2d 132, 134 (Tenn. Crim. App. 1980). Pursuant to Tennessee Code Annotated section 40-35-209(b), reliable hearsay is admissible at the sentencing hearing if the opposing party has a fair opportunity to rebut the evidence. Additionally, the evidence must have an indicia of reliability to satisfy due process. See State v. Taylor, 744 S.W.2d 919, 921 (Tenn. Crim. App. 1987). The defendant had a fair opportunity to rebut Long's testimony at the sentencing hearing. Long's testimony bears an indicia of reliability because the defendant does not deny that he was on probation at the time of this offense. See State v. Anthony D. Hines, No. 01C01-9406-CC-00189, slip op. at 6 (Tenn. Crim. App., Nashville, May 25, 1995). Furthermore, Long reported various details and specifics of the Indiana criminal record, some of which the defendant himself confirmed.

We do not wish to signal to prosecutors and presentence investigators that testimony of the type offered by Long should be routinely tolerated by trial courts. In fact, in this day of instantaneously transmitting documents by facsimiles, an oral recitation of a defendant's criminal record based upon a telephone conversation should be avoided, especially when the presentence investigation was ordered 35 days in advance of the hearing as it was in the present case. Nevertheless, in view of the factors we have cited which indicate the reliability of the

6

hearsay evidence, especially the defendant's failure to challenge or controvert that evidence, we find the trial court did not abuse its discretion by admitting Long's testimony as reliable hearsay. See State v. Richard Douglas Lowery, No. 03C01-9604-CC-00146, slip op. at 10-11 (Tenn. Crim. App., Knoxville, May 19, 1997), perm. app. denied (Tenn. 1998). With Long's testimony, there is evidence in the record that the defendant was on probation at the time of this offense.

However, enhancement factor (8) is not applicable to the present offense, even though committed during the probationary period. See State v. Hayes, 899 S.W.2d 175, 186 (Tenn. Crim. App. 1995) ("commission of the offense for which a defendant is being sentenced should not make factor (8) applicable"). Enhancement factor (8) applies when there is a *previous* history of unwillingness to comply with the conditions of a sentence involving release into the community. The trial court may have applied this factor due to the defendant's admitted drug use during his probationary period. Drug abuse for which the defendant is not presently being sentenced could support the application of enhancement factor (8). See State v. George Blake Kelly, No. 01C01-9610-CC-00448, slip op. at 23 n.9 (Tenn. Crim. App., Nashville, Oct. 13, 1998) (offenses committed while the defendant was on probation in close proximity to the offense for which the sentence is being determined support the application of factor (8)). However, there is no evidence in the record which supports the trial court's finding of drug abuse during the probationary period.[1] Therefore, the trial court erred in applying enhancement factor (8).

---

[1] The defendant admitted illegal drug use two and one half to three years prior to the present offense, but not during the probationary period. Additionally, the defendant admitted taking Valium prior to the current offense, however, there is no evidence regarding how the defendant obtained the Valium. We cannot conclude that he obtained Valium illegally.

7

### c. Factor (13)

The third enhancement factor the defendant contests is enhancement factor (13), committing a felony while on bail from a prior felony if ultimately convicted of the prior felony. At the time of sentencing, the defendant's criminal record only consisted of the battery conviction which is a Class A misdemeanor in Indiana. For enhancement factor (13) to apply, the defendant must be on a form of release from a prior felony. See Tenn. Code Ann. § 40-35-114(13) (1997). Eight days prior to sentencing, the defendant was released on his own recognizance from an Indiana jail. There were pending charges which could be felonies, but there was no proof of a conviction on any of the charges. The state concedes the trial court erred in applying this factor. We find enhancement factor (13) was inapplicable to the defendant in this case.

The trial court erred in applying two enhancement factors, but three enhancement factors were properly applied. We accord the three enhancement factors substantial weight. We have considered and apply the mitigating factors found by the trial court. We conclude that a high-range, but less-than-maximum sentence is appropriate and set the sentence at five years.

### b. Alternative Sentencing

Next, the defendant contends he should have been granted some form of alternative sentencing. A defendant "who is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to contrary." Tenn. Code Ann. § 40-35-102(6) (1997). Thus, a defendant who meets the criteria of section 40-35-102(6) is presumed eligible for alternative sentencing unless sufficient evidence rebuts the presumption. However, offenders who meet the criteria are not automatically entitled to such relief because

8

sentencing issues should be determined by the facts and circumstances presented in each case. State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

The defendant, a Range I standard offender, enjoyed the presumption of favorable candidacy for alternative sentencing for the Class C felony involved in this case. See Tenn. Code Ann. § 40-35-102(6) (1997). However, he is not eligible for sentencing pursuant to the Community Corrections program because he committed an aggravated assault. See Tenn. Code Ann. § 40-36-106(a)(2)-(4) (1997).

There is sufficient evidence in the record to rebut the presumption of the defendant's candidacy for alternative sentencing. The defendant was on probation when he committed the current offense. Therefore, the record supports a finding that confinement was necessary because "measures less restrictive than confinement have . . . recently been applied unsuccessfully to the defendant." Tenn. Code Ann. § 40-35-103(1)(C) (1997). We find the evidence supports a sentence of total confinement.

The sentence imposed by the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

CONCUR:

_____
JOHN EVERETT WILLIAMS, JUDGE

_____

9

ALAN E. GLENN, JUDGE