IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1999 SESSION

FILED

July 20, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 03C01-9806-CC-00207 |
| | ) | |
| vs. | ) | Bradley County |
| | ) | |
| CHARLES HAMES, | ) | Hon. R. Steven Bebb, Judge |
| | ) | |
| Appellant. | ) | (Theft over $10,000) |

FOR THE APPELLANT:

**ARVIN H. REINGOLD**
Attorney at Law
Suite 401, Park Plaza Building
1010 Market Street
Chattanooga, TN 37402

FOR THE APPELLEE:

**PAUL G. SUMMERS**
Attorney General & Reporter

**ELLEN H. POLLACK**
Assistant Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN 37243-0493

**JERRY N. ESTES**
District Attorney General

**SANDRA N. C. DONAGHY**
Assistant District Attorney General
P.O. Box 1351
Cleveland, TN 37364

OPINION FILED:_____

AFFIRMED

**JAMES CURWOOD WITT, JR., JUDGE**

OPINION

The defendant, Charles Hames, appeals from his jury conviction for theft over $10,000 but less than $60,000[1] in the Bradley County Criminal Court. The trial court imposed a three year sentence in the Tennessee Department of Correction. In this direct appeal, the defendant challenges the admission of testimony by the state's expert, Buddy Kimsey, regarding the amount of theft. After a review of the record, the briefs of the parties, and the applicable law, we affirm.

The following facts were gleaned from the record supplied by the defendant. The defendant was an employee of Beaty's Feed and Farm Supply in Bradley County, Tennessee. Mr. Beaty suspected that the defendant was stealing money from his business through his position as a cashier. Mr. Beaty contacted Buddy Kimsey, a certified public accountant, to determine the amount of theft. Kimsey testified at trial regarding a 53 day period of time for which Kimsey calculated the amount of loss by the business. The defendant objected to Kimsey's testimony as misleading and speculative. The trial court allowed Kimsey to testify to certain findings. After hearing all the evidence, the jury found the defendant guilty of theft over $10,000 but less than $60,000.

Before Kimsey testified in front of the jury, the trial judge listened to his proposed testimony. Kimsey testified how he calculated the amount of theft. He reviewed daily reports over a 53 day period which showed the number of times the defendant voided transactions on his register. Kimsey assessed a dollar value to the voided transactions, which he maintained was the amount of theft committed by the defendant. Kimsey did concede that the void button can be used for legitimate reasons, but he assumed a theft occurred every time the void button was used by the defendant. The trial judge overruled the defendant's objection to

---

[1] Tenn. Code Ann. § 39-14-103, -14-105(4) (1997).

Kimsey's testimony by finding the testimony was not misleading, and by noting that a full cross examination would be allowed. Kimsey's testimony at the jury-out hearing was essentially the same in the jury's presence.

Additionally, during the jury-out hearing, Kimsey calculated the total sales during the 53 day period on the defendant's register, then calculated the percentage of the total that constituted voided transactions. He applied this percentage to total sales during the period from 1991 through August 1996. Applying the percentage, he assessed a total amount of theft for that time frame. The defendant objected to this five and a half year projection, and the court sustained the objection. Kimsey did not testify to the jury regarding this projection.

The defendant contends Kimsey's testimony was confusing and unfairly prejudicial, and that the trial court should have excluded the testimony pursuant to Tennessee Rule of Evidence 403. Relevant evidence is generally admissible, unless "its probative value is substantially outweighed by the danger of unfair prejudice." Tenn. R. Evid. 402, 403. In deciding whether evidence is more probative than prejudicial, the trial court must consider "the questions of fact that the jury will have to consider in determining the accused's guilt as well as other evidence that has been introduced during the course of the trial." State v. Williamson, 919 S.W.2d 69, 78 (Tenn. Crim. App. 1995) (citing State v. Dulsworth, 781 S.W.2d 277, 287 (Tenn. Crim. App. 1989)). The standard of review applicable to the decision to admit evidence is abuse of discretion. See State v. Dubose, 953 S.W.2d 649, 652 (Tenn. 1997); State v. Baker, 785 S.W.2d 132, 134 (Tenn. Crim. App. 1980).

The appellate record only contains the transcript of Kimsey's testimony. The appellant must prepare a record which conveys a fair, accurate and

3

complete account of the proceedings below regarding the issues on appeal. <u>See</u> Tenn. R. App. P. 24(b); <u>State v. Ballard</u>, 855 S.W.2d 557, 560 (Tenn. 1993). If the appellant fails to file an adequate record, this court must presume the trial court's ruling was correct. <u>See</u> <u>State v. Richardson</u>, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993).

We are unable to determine the prejudice, or lack thereof, caused by Kimsey's testimony without reviewing all the evidence adduced at trial. We do not know if this was the only evidence introduced at trial which indicated to the jury the amount of theft. The trial judge assessed Kimsey's testimony at a jury-out hearing and found it was not misleading. We must presume the trial court did not abuse its discretion in allowing Kimsey to testify.

The judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

CONCUR:

_____
JOHN EVERETT WILLIAMS, JUDGE

_____
ALAN E. GLENN, JUDGE