# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### August 2000 Session

## STATE OF TENNESSEE v. JOHN BROWN

### Direct Appeal from the Criminal Court for Shelby County
#### No. 98-07512, 98-07513      Joseph B. Dailey, Judge

---

### No. W1999-00626-CCA-R3-CD - Filed October 27, 2000

---

John Brown appeals from his Shelby County convictions of aggravated robbery and especially aggravated kidnapping. He alleges insufficiency of identification evidence and plain error in admission of evidence of arrests for other crimes. Because there is no error of record requiring reversal, we affirm.

### Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ. joined.

A.C. Wharton, Jr., Public Defender, Juanita Peyton, Assistant Public Defender (at trial), Garland Ergüden, Assistant Public Defender (on appeal), for the Appellant, John Brown.

Paul G. Summers, Attorney General, Mark E. Davidson, Assistant Attorney General, William L. Gibbons, District Attorney General, Jennifer Nichols, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The defendant, John Brown, appeals from his convictions of aggravated robbery and especially aggravated kidnapping which he received at the conclusion of a jury trial in the Shelby County Criminal Court. He is presently serving an effective 80-year sentence for his crimes. In this direct appeal, he claims that the state's identification evidence is insufficient to sustain his convictions and that we should notice as plain error the trial court's admission of evidence of arrests for other crimes. We have reviewed the record, the briefs of the parties, and the applicable law. Because no error appears, we affirm.

In the light most favorable to the state, the evidence at trial demonstrated that on June 21, 1998 at approximately 1:00 p.m., Sean Thomas was sitting in his pickup truck near a bus station in Memphis when the defendant approached him and said, "Hey, my name's Eddie Murphy. Can

I wash your truck?" Thomas said no. The defendant opened the passenger-side door and got into the truck. The defendant had a steak knife in his hand, which he pointed at Thomas. The defendant told Thomas to drive. Because he did not think he could escape without being hurt, Thomas complied. The defendant demanded money, and Thomas told him there was money in the glove box. The defendant thought Thomas was trying to trick him, so he told Thomas to open the glove box. As Thomas was complying with this demand, he hit a fire hydrant. This enraged the defendant, who told Thomas to keep driving or he would get "stuck." Because one of the tires was flat, Thomas continued driving very slowly. The defendant demanded Thomas' wallet, and Thomas complied. The defendant took over $800 from the wallet, threw it at Thomas, and demanded that Thomas stop the truck. The defendant fled on foot.

The police quickly suspected the defendant, and Thomas positively identified the defendant from a photographic lineup.

Thomas' truck was processed for fingerprints, but none were found which matched those of the defendant.

A police officer testified that he knew the defendant used the name Eddie Murphy and was proud of his similarity to the actor by the same name.

The defense chose not to introduce proof.

On this evidence, the jury found the defendant guilty of aggravated robbery and especially aggravated kidnapping. At a separate sentencing hearing, the trial court imposed an effective 80-year sentence. The defendant now appeals.

## I

We begin with the defendant's challenge to the sufficiency of the evidence. In that regard, the defendant claims that the state's evidence identifying him as the perpetrator of the crimes is insufficient to support his convictions.

When an accused challenges the sufficiency of the evidence, an appellate court's standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324, 99 S. Ct. 2781, 2791-92 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). This rule applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990). On appeal, the defendant no longer enjoys the presumption of innocence and therefore has the burden of demonstrating that the evidence is insufficient to support the conviction. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn.1982).

In determining the sufficiency of the evidence, this court should not reweigh or reevaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from the evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956); Farmer v. State, 574 S.W.2d 49, 51 (Tenn. Crim. App. 1978). On the contrary, this court must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. Cabbage, 571 S.W.2d at 835.

In the present case, the defendant attacks the reliability of victim's identification of him because the victim was frightened and focused on the knife wielded by the perpetrator of the crimes. He also points out that none of the fingerprints found on the victim's truck could be matched to him, and the police did not recover the knife or money taken at the time of his arrest.[1] On the other hand, the state's proof contains an unequivocal identification of the defendant by the victim, evidence that the perpetrator had a scar on his neck that was consistent with the one the defendant had at the time of trial, and evidence that the defendant had used the name Eddie Murphy. A rational jury could conclude that the state's evidence established the defendant's identity as the perpetrator of the crime beyond a reasonable doubt. As such, we may not revisit the jury's factual resolution of the identity issue. See State v. Strickland, 885 S.W.2d 85, 87-88 (Tenn. Crim. App. 1993) (question of identity is issue of fact for jury's determination; testimony of victim alone is sufficient to support a conviction).

## II

The defendant also challenges the trial court's admission of evidence of arrests for other crimes. This complaint relates to evidence of the defendant's prior arrests and of law enforcement's familiarity with him by the name Eddie Murphy. This issue was not raised in the motion for new trial, and therefore, appellate consideration of it as a matter of right in this direct appeal is waived. See Tenn. R. App. P. 3(e). However, the defendant asks us to address it as plain error.

Several aspects of the trial are relevant to this issue. First, during the state's case-in-chief, Officer Demetrios Vakertzis identified the defendant as the individual he arrested for the crimes on trial. The defense then inquired on cross-examination whether there was anyone else in the courtroom whom the witness could have identified "as the person who robbed the victim." The officer testified that there was not. Then, the victim identified the defendant as the perpetrator of the crimes, and the defense inquired on cross-examination whether there were any black males other than the defendant in the courtroom who were not in uniform. The victim replied that there were not.

---

[1]The record is silent on the issue of whether any of the victim's money was recovered.

The next witness was Officer Michael J. Clark. On direct examination, he was asked what he did once he was assigned the case, to which he responded, "Well, as soon as I was assigned the case, I was familiar with a person that I had dealt with in the past by the name of John Thomas Brown that had also been arrested under the name of –." At this point, the defense moved for a mistrial, and the court denied the motion. Then, during cross-examination of Officer Clark, the defense inquired whether the witness knew anyone other than the defendant and the famous entertainer who used the name Eddie Murphy. Officer Clark replied that he did not.

At this point, the state moved to introduce evidence of the method by which the defendant was developed as a suspect. The state sought to introduce evidence of other crimes in which the perpetrator told out-of-town tourists that he was Eddie Murphy and then proceeded to rob them. The prosecutor argued that this evidence of a common "MO" would explain why the defendant was developed as a suspect. The state also argued that this evidence was responsive to alleged innuendo in defense questioning that the arrest of the defendant had racial overtones.[2]

The court ruled that once the defense "opened the door" by inquiring whether Officer Clark knew anyone who used the name Eddie Murphy other than the defendant and the famous entertainer, the state was entitled to explain how Officer Clark knew the defendant as Eddie Murphy. The court then proceeded to conduct a jury-out hearing to determine the limits of such evidence. Ultimately, the trial court limited the state to evidence that Officer Clark knew the defendant as Eddie Murphy from prior contact on several occasions,[3] that the defendant was proud of his resemblance to the famous entertainer, and that the defendant frequented the area in which the crimes on trial occurred. The court excluded evidence that the defendant earned the nickname Eddie Murphy in prison, that the defendant had committed other crimes with the same *modus operandi*, and that the defendant chose out-of-town victims because they would not come back to Memphis to testify.

Officer Clark then testified before the jury that he was familiar with the defendant as Eddie Murphy from at least two contacts prior to his investigation of the robbery on trial. The defendant had boasted to this witness about using the name Eddie Murphy. Clark knew that the defendant frequented the bus station, which was about one-half a block from the location where the crimes took place. For these reasons, when Officer Clark received Thomas' description of the perpetrator, he suspected the defendant.

The defendant claims that the evidence was inadmissible under Tennessee Rule of Evidence 404. He argues that the admission of evidence of his "arrests for other crimes" did nothing to advance the state's evidence on the issue of identity and that the propensity aspect of the evidence caused any probative value to be substantially outweighed by the danger of unfair prejudice.

---

[2]We presume the prosecutor was referring to the questioning of Officer Vakertzis and Sean Thomas whether anyone in the courtroom other than the defendant could be the perpetrator of the crime.

[3]The trial court prohibited the state from developing evidence that the prior "contacts" were, in fact, arrests.

Normally, the fact that a police officer had prior "contacts" with a defendant would not *per se* suggest the defendant's bad character. However, in the present case, we analyze Officer Clark's testimony about two prior contacts with the defendant as a Rule 404(b) issue because the jury had previously been told that some of Officer Clark's prior contacts with the defendant resulted in the defendant being arrested. Additionally, in the later testimony, the officer specified that his familiarity with the defendant was based upon, not one, but *two* prior contacts. Given the besmirching nature of the prior "contact" testimony in the context of this case, we review the issue as a claimed plain error under the Rule 404(b) rubric.

Rule 404(b) provides that evidence of a defendant's prior crimes, wrongs or acts is not admissible to prove that he committed the crime in question. Tenn. R. Evid. 404(b). The rationale underlying the general rule is that admission of such evidence carries with it the inherent risk of the jury convicting the defendant of a crime based upon his bad character or propensity to commit a crime, rather than the conviction resting upon the strength of the evidence. State v. Rickman, 876 S.W.2d 824, 828 (Tenn. 1994). The risk is greater when the defendant's prior bad acts are similar to the crime for which the defendant is on trial. Id.; see also State v. McCary, 922 S.W.2d 511, 514 (Tenn. 1996). Nevertheless, evidence of a defendant's prior crimes, wrongs or acts may be admissible where it is probative of material issues other than conduct conforming with a character trait. Tenn. R. Evid. 404(b). Such material issues include "identity (including motive and common scheme or plan), intent, or rebuttal of accident or mistake." Tenn R. Evid. 404, Advisory Comm'n Comments. In order for such evidence to be admitted, the rule specifies three prerequisites:

(1)     The court upon request must hold a hearing outside the jury's presence;
(2)     The court must determine that a material issue exists other than conduct conforming with a character trait and must upon request state on the record the material issue, the ruling, and the reasons for admitting the evidence; and,
(3)     The court must exclude the evidence if its probative value is outweighed by the danger of unfair prejudice.

Tenn. R. Evid. 404(b). A fourth prerequisite to admission is that the court find by clear and convincing evidence that the defendant committed the other crime. Tenn. R. Evid. 404, Advisory Comm'n Comments; State v. DuBose, 953 S.W.2d 649, 654 (Tenn. 1997); State v. Parton, 694 S.W.2d 299, 303 (Tenn. 1985).

In reviewing a trial court's decision to admit or exclude evidence, an appellate court may disturb the lower court's ruling only if there has been an abuse of discretion. DuBose, 953 S.W.2d at 652; State v. Baker, 785 S.W.2d 132, 134 (Tenn. Crim. App. 1980). Where the trial court has been called to pass upon the admissibility of evidence of other crimes, wrongs or acts under Rule 404(b), its determination is entitled to deference when it has substantially complied with the procedural requisites of Rule 404(b). See DuBose, 953 S.W.2d at 652.

The evidence of Officer Clark's familiarity with the defendant as Eddie Murphy, the defendant's pride in that nickname, and the defendant's frequenting the bus station are all evidence

probative of the defendant's identity. The issue of identity was a material one, made more so by the defense questioning of Officer Vakertzis and Sean Thomas about their in-court identifications of the defendant and by the questioning of Officer Clark about other individuals who used the name Eddie Murphy.[4] With respect to prejudice, the evidence did not directly inculpate the defendant in prior criminal activity. At most, one would have to infer that Officer Clark's prior "contacts" and familiarity with the defendant were related to some unspecified prior criminal acts. Further, the court excluded evidence of other robberies in which the perpetrator identified himself as Eddie Murphy, thereby greatly limiting the possibility of misuse of the evidence as an indicator of propensity to commit the crimes on trial. Although we see nothing in the record to show that the trial court determined by clear and convincing evidence that the defendant used and was proud of the name Eddie Murphy and that he frequented the area of the bus station, the defendant has raised no challenge to the veracity of those facts. See Tenn. R. Evid. 404, Advisory Comm'n Comment; DuBose, 953 S.W.2d at 654; Parton, 694 S.W.2d at 303. We believe there has been "substantial compliance" with the procedural prerequisites of the rule. See DuBose, 953 S.W.2d at 652. As a result, the trial court's determination is entitled to deference. Id.

Overall, given the deference to be afforded the trial court, we see no abuse of discretion in the admission of this evidence. It follows that there was no plain error entitling the defendant to relief.

The judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[4]The defendant contends in his brief that the evidence should not have been admitted because "[t]here was ample evidence presented to the jury regarding the identity of the accused." Although we acknowledge that evidence of other crimes should be excluded where identity has already been "clearly made out," State v. Bunch, 605 S.W.2d 227, 230 (Tenn. 1980) (quoting Warren v. State, 156 S.W.2d 416, 419 (Tenn. 1941)), in the present case identity was very much at issue, particularly given defense questioning detailed above.