IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Brief July 10, 2001 Session

## STATE OF TENNESSEE v. EARL DEWAYNE COLE

**Direct Appeal from the Circuit Court for Madison County**
**No. 99-836     Roy B. Morgan, Jr., Judge**

---

**No. W2000-02029-CCA-R3-CD  - Filed February 1, 2002**

---

The appellant, Earl Dewayne Cole, was convicted by a Madison County jury of the offense of aggravated assault with a deadly weapon. He was sentenced as a Range II offender to a term of seven (7) years incarceration in the Tennessee Department of Correction. In this appeal the appellant claims the trial judge failed to adequately respond to a jury question regarding the need for unanimity in their verdict, that the written jury instructions showed the victim's name and weapon only under the main charge, and that the trial judge should have considered a lesser offense at sentencing. We find that all of these alleged errors have been waived by the failure of the appellant to enter a contemporaneous objection to them, by the failure to raise these issues in the motion for a new trial, and by the failure of the appellant on appeal to cite to any relevant authority supporting his arguments. Moreover, we find that none of these alleged errors constitute plain error. We therefore affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES, and ALAN E. GLENN, JJ, joined.

Stephen P. Spracher, Assistant Public Defender, Jackson, Tennessee, for appellant, Earl Dewayne Cole.

Paul G. Summers, Attorney General & Reporter, Kim R. Helper, Assistant Attorney General; Jerry Woodall, District Attorney General; and Jody Pickens, Assistant District Attorney, for appellee, State of Tennessee.

### OPINION

On July 30, 1999, the appellant and Latonya Tate lived together in Jackson, Tennessee. On that date the pair argued over Tate's desire to return to her mother's home and rumors that Cole was unfaithful to Tate. During the argument the appellant grabbed a gun and ammunition from a dresser and threatened to kill Tate. As the argument progressed the appellant struck Ms. Tate with his fist on the left side of her face near her eye. He then got on top of Tate and strangled her until he noticed

her eye swelling.  The appellant retrieved some ice for the swelling and repeatedly stated he was sorry for what had happened.  Both Ms. Tate and the appellant eventually fell asleep.

Eventually, Ms. Tate awoke and called her mother to pick her up.  The appellant urged Ms. Tate not to tell her mother what happened.  However, Tate did report the incident to police who arrested the appellant.

## **Waiver**

None of the issues raised by the appellant were raised in the motion for new trial, and on appeal none are supported by citation to relevant authority.[1]  Under the circumstances the issues are waived.  Tenn. R. App. P. 3(e); Tenn. R. App. P. 36(a); Court of Criminal Appeals R. 10(b); State v. Baker, 785 S.W.2d 132, 135 (Tenn. Crim. App. 1989).

Nevertheless, the appellant argues these alleged errors should be treated as plain errors and reviewed on the merits by this Court.  We have reviewed the appellant's issues under the test laid down in State v. Smith, 24 S.W.3d 274, 282 (Tenn. 2002) and find that none constitute plain error.  We therefore affirm the judgment of the trial court.

 

 

_____
JERRY L. SMITH, JUDGE

---

[1] Although the appellant's brief does cite to one case, it is only for the broad proposition that a trial court has the authority to supplement its instructions in response to a jury question.  See State v. Moore, 751 S.W.2d 464 (Tenn. Crim. App. 1988).  The appellant points to no authority supporting the proposition that the trial judge in the instant case had a duty to so supplement the jury instruction.