IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

FEBRUARY 1999 SESSION

FILED

May 5, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. No. 02C01-9803-CR-00086 |
| | ) | |
| Appellee, | ) | Shelby County |
| | ) | |
| v. | ) | Honorable Chris Craft, Judge |
| | ) | |
| ROY GREEN, | ) | (Attempt to Commit Second Degree |
| | ) | Murder, Aggravated Assault, Assault, |
| Appellant. | ) | Theft of Property under $500) |

FOR THE APPELLANT:

Gerald Stanley Green
147 Jefferson Avenue
Suite 1115
Memphis, TN 38103
(On Appeal)

David Hooper
1870 Union Avenue
Memphis, TN 38104
(At Trial)

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue North
Nashville, TN 37243-0493

Peter M. Coughlan
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38103-1947

Lorraine Craig
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38103-1947

OPINION FILED: _____

AFFIRMED AND REMANDED FOR
CORRECTED JUDGMENT ON AGGRAVATED ASSAULT

JAMES C. BEASLEY, SR., SPECIAL JUDGE

# O P I N I O N

The appellant, Roy Green, was convicted by a Shelby County jury of attempt to commit second degree murder, aggravated assault, assault, and theft of property under the value of $500. The trial court imposed concurrent sentences of ten years, seven years,[1] nine months, and eleven months and twenty-nine days, along with fines totaling $40,000. In this appeal as of right, the appellant challenges the sufficiency of the evidence and contends his sentence for attempted second degree murder was improperly enhanced. For the reasons stated herein, we find no reversible error, but remand for the entry of a corrected judgment on the aggravated assault in No. 97-05410.

The appellant and an unidentified man entered a Blockbuster Video store in Shelby County shortly before 5 p.m. on January 15, 1997. A few minutes later as the appellant started to walk out the exit door, the sensor alarm sounded. Each time the appellant sought to leave, the alarm sounded until he removed his jacket and "gently" laid it on the floor. The appellant was then able to walk past the sensor without the alarm sounding. As the appellant was putting his coat back on, a store employee, Darrell Brewer, Jr., noticed a bulge in the sleeve similar in size and shape to a videotape. When he asked the appellant to remove the object from his coat, the appellant struck Brewer in the face with his fist and left the store.

Employees Stefan Gilbreath, Greg Rogers, and Patricia Johnson followed the appellant who ran toward a nearby church and hid behind some bushes. The store employees backed away when the appellant pulled a knife from his pocket.

Donald Miller, the store manager, was in his office when he was called to the front and told that a shoplifter had just left the store. While trying to get information from a man identified as a friend of the alleged shoplifter, Miller saw two store employees chasing the appellant outside. Miller went to assist his employees and tackled the appellant in a grassy area between the street and the parking lot. Miller testified that, as they fell to the ground,

---

[1]The transcript reflects the trial court imposed a sentence of seven years for aggravated assault. However, the judgment sheet erroneously reflects a four-year sentence.

he rolled off the appellant and was in an "upside-down crab walk" position on all fours when the appellant stabbed him in the side. Miller described the look on the appellant's face as if he were saying, "I tagged you guy . . . got you good." As a result of the stabbing, Miller suffered a punctured lung and was classified in critical condition. To inflate his lung, a large tube was painfully inserted into his chest. Miller spent a week in the hospital and two weeks convalescing at home.

Stefan Gilbreath testified that, after the stabbing, he ran up and kicked the appellant off Donald Miller. The appellant then approached Gilbreath and swung at him with the knife before running from the scene. Within a few minutes, the appellant was arrested approximately three blocks from the scene. The knife was never recovered. Empty boxes for the videotapes, *The Frighteners* and *The Crow, City of Angels*, were found on the floor of the store and the broken tapes were discovered on the paved area outside the video store.

When an appellant challenges the sufficiency of the evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Tenn. R. App. P. 13(e); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985). The weight and credibility of a witness's testimony are matters entrusted exclusively to the jury as the trier of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). On appeal, the State is entitled to both the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Moreover, guilty verdicts remove the presumption of innocence, enjoyed by defendants at trial, and replace it with a presumption of guilt. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Appellants carry the burden of overcoming a presumption of guilt when appealing jury convictions. Id.

The appellant does not include his convictions for theft and simple assault in challenging the sufficiency of the evidence to convict. He states the issue thusly:

> It is improper to find a defendant guilty of the felonies of aggravated assault and attempt to commit a felony, to wit, second degree murder, when the state's proof showed that the appellant was a fleeing person who had committed misdemeanor offenses and had escaped apprehension by the store employees but, was pursued by a store employee who tackled the defendant and was the first aggressor.

He cites as authority and relies on the first sentence of Tenn. Code Ann. § 39-11-611(a) which provides, "A person is justified in threatening or using force against another person when and to the degree the person reasonably believes the force is immediately necessary to protect against the other's use or attempted use of unlawful force." However, the section goes on to say:

> The person must have a reasonable belief that there is an imminent danger of death or serious bodily injury. The danger creating the belief of imminent death or serious bodily injury must be real, or honestly believed to be real at the time, and must be founded upon reasonable grounds. There is no duty to retreat before a person threatens or uses force.

When fairly raised in the proof, self-defense becomes an issue for determination by the jury under proper instructions by the trial court. State v. Ivy, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993).

In the instant case, the appellant did not testify and did not call any witnesses. From our careful review of this record, we are unable to find any proof tending to show self-defense and we have not been shown any evidence that would fairly raise the issue. The record includes discussions between the trial judge and counsel regarding proposed jury instructions, but at no time was self-defense mentioned. Thus, self-defense was not requested or charged, nor do we think it should have been under the facts and circumstances present in this case.

**SUFFICIENCY OF EVIDENCE TO SUPPORT CONVICTION OF CRIMINAL ATTEMPT TO COMMIT MURDER SECOND DEGREE AGAINST DONALD MILLER**

Second degree murder is "[a] knowing killing of another." Tenn. Code Ann. § 39-13-210(a)(1). Tennessee Code Annotated § 39-12-101(a)(3) defines criminal attempt as

follows:

> A person commits criminal attempt who, acting with the kind of culpability otherwise required for the offense, acts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense.

While Miller was on his "all fours" attempting to get up from the ground, the appellant stabbed him in the side with sufficient force to penetrate Miller's lung. Paramedic Mark Cupples listed the victim's condition as critical and opined that the wound could cause death. This evidence clearly establishes the essential elements of criminal attempt to commit murder in the second degree beyond a reasonable doubt and the appellant's guilt thereof.

As sub-issues, the appellant contends the State used irrelevant and nonprobative evidence and argument when the State had Miller exhibit his scar to the jury and when the State questioned Miller about his hospital experience and the insertion of a large tube into his body.

The appellant cites no authority but avers the evidence was irrelevant and nonproductive. Likewise, the appellant has failed to designate where the testimony relating to the hospital experience can be found. However, in our review of the record, we find that no objection was made to the introduction of this evidence, nor was this issue stated in the motion for a new trial. We agree with the State that this issue has been waived. Tenn. R. App. P. 3(e) and 36(a); State v. Baker, 785 S.W.2d 132, 135 (Tenn. Crim. App. 1989). Waiver notwithstanding, we view this evidence as relevant and of probative value in establishing an attempt to kill.

When the prosecution sought to have the victim show his scar to the jury, the defense objected on the grounds that Miller had already testified that he had been stabbed, and the exhibition of the scar had no probative value and would inflame the jury.

The trial court found that the location of the injury was relevant to prove intent. Since there were no photographs of the wound and the testimony referred only to the general area of the wound, the trial court ruled that the proposed demonstration was proper. We find nothing in the record to suggest that the scar was gruesome or of an inflammatory nature.

The question of whether such evidence is admissible rests within the sound discretion of the trial court, and this Court will not interfere with the exercise of this discretion unless clear abuse appears on the face of the record. State v. Hill, 885 S.W.2d 357, 361 (Tenn. Crim. App. 1994). There is no showing of abuse of discretion here.

## SUFFICIENCY OF EVIDENCE TO ESTABLISH GUILT IN THE AGGRAVATED ASSAULT OF STEFAN GILBREATH

A person commits aggravated assault who commits an assault as defined in Tenn. Code Ann. § 39-13-101 and uses or displays a deadly weapon. Tenn. Code Ann. § 39-13-102(a)(1)(B). An assault may be committed when one intentionally or knowingly causes another to reasonably fear imminent bodily injury. Tenn. Code Ann. § 39-13-101(a)(2).

When the appellant approached and swung at him with the knife, Gilbreath testified that he was scared out of his mind. Again, we find this evidence sufficient for any rational trier of fact to find the essential elements of aggravated assault and the appellant's guilt beyond a reasonable doubt.

## SENTENCING ISSUE

The appellant states his sentencing issue as follows:

> Whether or not when an enhancement factor is prohibited from being used to enhance a sentence for one of the charged offenses in a multiple indictment prosecution arising from a single set of facts, it must be prohibited from being used to enhance a sentence in another offense in the same prosecution.

He specifically avers error on the part of the trial court in enhancing the punishment

for attempt to commit second degree murder based on appellant's use of a deadly weapon pursuant to Tenn. Code Ann. § 40-35-114(9). The appellant argues that since the deadly weapon factor could not be used in the aggravated assault case, it could not be used in the attempt to commit second degree murder. He cites no authority for this position and we know of none.

The trial court did not use Tenn. Code Ann. § 40-35-114(9) to enhance appellant's punishment for the aggravated assault because the use of a deadly weapon is an essential element of the offense as charged here. On the other hand, the murder statute does not require the use of a deadly weapon. This Court has ruled that enhancing a murder sentence for the use of a deadly weapon is permissible. State v. Butler, 900 S.W.2d 305, 313 (Tenn. Crim. App. 1994). The conviction of the appellant for aggravated assault and attempt to commit second degree murder in the same trial does not change that fact. These convictions resulted from two separate acts committed against two different people. This issue is without merit.

From our review, we uphold the convictions on each indictment and remand for the entry of a corrected judgment reflecting the seven-year sentence for the aggravated assault.

_____
JAMES C. BEASLEY, SR., SPECIAL JUDGE

CONCUR:


_____
JOHN H. PEAY, JUDGE

_____
JOE G. RILEY, JUDGE