**STATE of Tennessee, Appellee,**

v.

**Bobby A. DAVIS and Rodney Lee Tipton, Appellants.**

No. 03C01–9207–CR–00240.

Court of Criminal Appeals of Tennessee, at Knoxville.

May 27, 1993.

Permission to Appeal Denied Sept. 7, 1993.

Kevin W. Shepherd, Asst. Public Defender, Maryville, for appellant Davis.

Donald A. Bosch, Mark E. Silvey, Knoxville, for appellant Tipton.

Charles W. Burson, Atty. Gen. & Reporter, Kimbra R. Spann, Asst. Atty. Gen., Nashville, Mike Flynn, Dist. Atty. Gen., Joe Costner, Sp. Prosecutor, Maryville, for appellee.

## OPINION

DWYER, Judge.

Before the Court are Bobby A. Davis and Rodney Lee Tipton who appeal as a matter of right, pursuant to Rule 3(b), Tenn. R.App.P. Both appellants stand convicted by the Blount County Criminal Court of aggravated rape and aggravated robbery. As to the former charge, both appellants were sentenced to 25 years in the Department of Correction; as to the latter, both received an additional eight years. Appellants present myriad issues for appellate review which effectively can be addressed as seven questions of law.

The proof adduced at trial reveals that on the evening of January 7, 1991, the victim went to the Red Food Store from her mother's house at approximately 11:30 p.m. She heard a car drive up fast behind her. At that time, a man tapped her window, jerked open her door, stuck a handgun in her side and said, "Move over, bitch." This man had on a ski mask. She gave him the keys as he demanded, and he started the car and drove out of the lot.

She later saw the face of this man and identified him as the appellant Davis. He made her blindfold herself with a beach towel she had in her car. She heard a small car following them. Later that evening, she was able to see the face of the second man, and she identified him as appellant Tipton.

In the course of the evening, the appellants drove the victim around stopping at intervals at which times she was repeatedly raped vaginally and anally, forced to perform fellatio and threatened at gunpoint. The victim was taken to a motel just across the North Carolina state-line and was further raped. She remained in captivity throughout the following day until one of her captors wrecked her vehicle and eventually took her to another motel in Sweetwater, where the victim managed to escape.

ISSUE I. Whether venue was established by a preponderance of the evidence.

Both appellants contend that the State has not proven venue, and therefore jurisdiction in Blount County for the offenses of aggravated robbery and aggravated rape.

Rule 18(d) of the Tennessee Rules of Criminal Procedure states:

Offenses committed wholly or in part outside of this state, under circumstances that give this state jurisdiction to prosecute the offender, may be prosecuted in any county in which an element of the offense occurs....

However, venue must only be shown by a preponderance of the evidence. *State v. Bennett,* 549 S.W.2d 949 (Tenn.1977); *Hooper v. State,* 205 Tenn. 246, 326 S.W.2d

448, 451 (1959). Like any other fact, venue may be proven by circumstantial evidence. *Gilliland v. State,* 187 Tenn. 592, 216 S.W.2d 323, 324 (1948). Moreover, a jury is entitled to draw reasonable inferences from proven facts on this issue. *See Hopson v. State,* 201 Tenn. 337, 299 S.W.2d 11, 14 (1957).

■ The offenses for which both appellants were convicted, aggravated robbery and aggravated rape, have multiple elements. Aggravated robbery consists of robbery with either a deadly weapon, or where serious bodily injury occurs. T.C.A. § 39–13–402 (1991). Robbery itself is the "intentional or knowing theft of property from the person of another by violence or putting the person in fear." T.C.A. § 39–13–401 (1991). Aggravated rape is the "unlawful sexual penetration of a victim by the defendant" when either (1) force or coercion is used and the defendant is armed with a weapon; or (2) the defendant causes bodily injury to the victim; or (3) the defendant is aided and abetted by another person and force or coercion is used. T.C.A. § 39–13–502 (1991).

The record demonstrates that elements of both of the offenses of aggravated rape and aggravated robbery first occurred in Blount County where force and coercion were used by the appellants to obtain entry into the victim's vehicle and take her away. With regard to the offense of aggravated robbery, appellant Davis entered the vehicle with a deadly weapon. With regard to the offense of aggravated rape, the force and coercion began at this point. In addition, appellant Davis and appellant Tipton aided and abetted each other and used force in beginning this series of offenses in Blount County at the Red Food Store. Accordingly, since an element of the crimes occurred in Blount County, venue was proper in Blount County.

ISSUE II. Whether or not the trial court erred and abused its discretion in allowing the trial to proceed for an extended period of time. (Davis Issue II).

■ Appellant Davis contends that the trial court erred in allowing the jury to deliberate for over 11 hours a day for three days and for eight hours on the fourth day.

In *State v. McMullin,* 801 S.W.2d 826 (Tenn.Crim.App.1990), this Court held that late-night court in criminal jury cases should be scheduled only when unusual circumstances require it, and not if either defense counsel or any juror objects upon reasonably based grounds having to do with the lateness of the hour.

In this case, the jury made a decision to work until 9:00 p.m. On the first day of trial, they had had a recess for dinner from 4:55 p.m. until 6:40 p.m. and adjourned at 8:53 p.m. On the second evening, dinner recess occurred from 5:18 p.m. until 6:31 p.m. At the appellant's request, court recessed at 8:30 p.m. before the start of the appellants' proof. There was no other objection in the record to the jury working until the early evening hours. No juror complained about the procedure.

■ In view of these circumstances, appellant has failed to demonstrate either trial court error or resulting prejudice. In any event, the issue is also waived in that there were no complaints or objections raised by defense counsel or the jury.

ISSUE III. Whether the prosecutor's remarks during argument were proper. (Davis Issue III).

■■ Appellant Davis argues that a remark made by the prosecuting attorney during closing argument was improper. During closing argument, the prosecutor stated:

I tell you, I told you that I was going to show you that Mr. Davis made the statement, she's my girlfriend, I don't know her name. I didn't prove that to you, did I? And I apologize to you for that. I sincerely do.

The prosecutor was simply stating that he had not proven a fact that he had previously stated he would, and apologized to the jury for this lack of proof. Given the context in which this remark was made, it cannot be improper.

■ Assuming, *arguendo,* that the remark was improper, the standard set forth by this Court in reviewing such an allegation considers five factors in determining whether any improper conduct could have affected the

verdict to the prejudice of the defendant: (1) the conduct complained of viewed in the context and in light of the facts and circumstances of the case; (2) any curative measures undertaken by the court and the prosecution; (3) the intent of the prosecutor in making the improper statement; (4) the cumulative effect of the improper conduct and any other errors in the record; and (5) the relative strength or weakness of the case. *Judge v. State,* 539 S.W.2d 340, 344 (Tenn. Crim.App.1976), *citing Harrington v. State,* 215 Tenn. 338, 385 S.W.2d 758 (1965).

In light of the overwhelming evidence of guilt in this matter, the remark by the prosecutor could not have prejudiced the appellant. In fact, the court gave a curative instruction that the jury should note that argument is not evidence.

The issue is without merit.

ISSUE IV. Whether the trial court properly allowed Corine Rovetti to testify regarding the gynecological exam of the victim and the consistency of her findings with the lab results.

■■■■■ The appellants both contend that the trial court committed error in allowing Corine Rovetti to testify as an expert in the area of gynecological exams. In addition, appellant Davis argues that Ms. Rovetti's testimony was irrelevant.

■■■■■ The trial court did not abuse its discretion by allowing Ms. Rovetti to testify as an expert in the area of gynecological exams. Tennessee Rules of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will substantially assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise.

In order to uphold the admission of expert testimony of a scientific nature, the following four factors must appear in the record: (1) the witness must be an expert; (2) the subject matter of the witness's testimony must be proper; (3) the subject matter must conform to a generally accepted explanatory theory; and (4) the probative value of the wit-

ness's testimony must outweigh its prejudicial effect. *State v. Schimpf,* 782 S.W.2d 186, 191 (Tenn.Crim.App.1989).

■■■■■ The allowance of expert testimony, the qualifications of expert witnesses, and the relevancy and competency of expert testimony are matters which rest within the sound discretion of the trial court. A trial court's decision on these matters will not be reversed upon appeal absent a clear showing of abuse of discretion. *State v. Rhoden,* 739 S.W.2d 6, 13 (Tenn.Crim.App.1987); *State v. Williams,* 657 S.W.2d 405, 412 (Tenn.1983).

Ms. Rovetti testified that she was a certified family nurse practitioner and had been licensed since 1985. In her practice, she had performed several hundred post-rape gynecological exams. She stated that her findings in doing a gynecological exam on the victim were not inconsistent with the victim's history of sexual assault.

■■■■■ The trial court here did not abuse its discretion in allowing Ms. Rovetti to testify to the results of her gynecological exam on the victim, as well as to whether these results were consistent with lab results which were already in evidence. Assuming, *arguendo,* that Ms. Rovetti was not properly an expert in this field, the admission of her testimony was harmless error. Dr. Lane previously testified that he used a rape kit to gather specimens from the victim. He also could not state with certainty whether or not a sexual assault had occurred. In essence, this is the same testimony which was elicited from Ms. Rovetti. Accordingly, if Ms. Rovetti's testimony was error, any error is harmless due to the fact that Dr. Lane had already attested to this fact. In addition, Ms. Rovetti's testimony was clearly relevant since the victim came to her for an exam out of concern for a sexually transmitted disease.

ISSUE V. Whether the trial court properly refused to grant the motion of appellant Tipton for a judgment of acquittal at the close of the State's proof.

■■■■■ Appellant Tipton argues that the trial court should have granted his motion for judgment of acquittal which he made at the close of the State's proof, and which was renewed at the close of all the proof. Appel-

lant Tipton asserts that the evidence is insufficient to support the jury's finding of guilt with regard to the offenses of aggravated rape and aggravated robbery.

The trial court is authorized to grant a judgment of acquittal only if the evidence is legally insufficient to establish the elements of the offense. *State v. Johnson*, 692 S.W.2d 412 (Tenn.1985); Rule 29(a), Tenn.R.Crim.P. Here, the State proved all the elements of aggravated rape and aggravated robbery.

The testimony of the victim, as corroborated by her statements to medical personnel and to the police, clearly support the verdict of guilty against appellant Tipton. When shown a photo array which included the appellant, she clearly identified appellant Tipton as her second assailant. Although no other witnesses identified appellant Tipton as being with the victim during any of the incidents, the testimony of the victim is clearly sufficient to convict the appellant in this state.

The issue is without merit.

ISSUE VI. Whether the trial court properly excluded from evidence the videotape of the bathroom window at a hotel where the crimes occurred.

■ Appellant Tipton asserts that the trial court committed error in not allowing the full showing of a videotape of the Loudon County Motel, where some of the crimes occurred, which would have specifically shown the bathroom window in the hotel room where the victim was kept by appellant Davis. The trial court allowed the tape to be played and for Ms. Joyce Adkins to testify concerning the contents of the tape.

■ It is well established in Tennessee that the decision to admit or exclude evidence is left to the sound discretion of the trial judge and the judge's decision will not be disturbed unless it has been arbitrarily exercised. *State v. Baker*, 785 S.W.2d 132, 134 (Tenn.Crim.App.1989); *State v. Hawk*, 688 S.W.2d 467, 472 (Tenn.Crim.App.1985).

The videotape did show the bathroom window in the particular room rented by appellant Davis. In addition, the witness testified that the window opened by sliding up, and that the window was large enough for some-

one to crawl out of the window. Showing someone other than the parties to this litigation knocking out the screen of a bathroom window, other than the room in question, would be at best merely cumulative. The relevant evidence was before the jury, that the window was large enough for someone to crawl through. There was no evidence in the record that the victim attempted to crawl out of the window. Accordingly, the trial court did not abuse its discretion in excluding that small, extraneous portion of the videotape.

ISSUE VII. Whether the trial court properly overruled appellant Tipton's motion to suppress the first photographic array of the appellant on the ground that the line-up was not suggestive.

Appellant Tipton argues that the photographic array presented to the victim, which contained his photograph, was unduly suggestive and violated his constitutional rights.

■ Due process is violated if, under the totality of the circumstances, *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), the identification procedure is found to be so suggestive as to give rise to "a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). A trial court's finding that the identification procedure was not suggestive is conclusive on appeal unless the evidence preponderates against the judgment. *Chapple v. State*, 528 S.W.2d 62, 63 (Tenn.Crim.App.1975).

In *Bolton v. State*, 617 S.W.2d 909, 913 (Tenn.Crim.App.1981), this Court stated:

The test of whether use of impermissibly suggestive identification procedures will require exclusion of a witness's in-court identification is whether the in-court identification is reliable under the totality of the circumstances, including the opportunity of the witness to view the offender at the time of the crime, the witness's degree of attention, the accuracy of the prior description of the offender, the level of certainty of the witness at the confrontation, and the length of time between the crime and the confrontation. *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401

(1972); *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Rippy v. State*, 550 S.W.2d 636, 639–640 (Tenn.1977).

Here, the photographic array consisted of six photographs of men with characteristics very similar to appellant Tipton. All of the individuals had dark hair, a mustache and were Caucasian, just as appellant Tipton. All of the photographs were of men within the appellant's age group. As pointed out by defense counsel, the head shot of appellant Tipton was slightly larger than the other photographs in the array. However, the size of the head shots of the various individuals in Exhibit 1, which contains the photographs of the array, clearly shows that the head shots varied in size. Therefore, appellant Tipton's photograph would not be unconstitutionally suggestive.

Appellant Tipton does not expressly challenge his in-court identification by the victim. However, the general rule is that an in-court identification is inadmissible if it was tainted by an unconstitutional pretrial identification. *Holt v. State*, 591 S.W.2d 785, 789–790 (Tenn.Crim.App.1979). In the case at bar, the identification of the appellant from the photographic array was not unconstitutionally suggestive, so it could not have impermissibly tainted the in-court identification.

A trial court's findings upon questions of fact on a motion to suppress are conclusive on appeal unless the evidence is found to preponderate against the lower court's judgment. *State v. Tate*, 615 S.W.2d 161, 162 (Tenn.Crim.App.1981); *Nix v. State*, 530 S.W.2d 524, 526 (Tenn.Crim.App.1985). The evidence here does not preponderate against the lower court's decision to overrule the appellant's motion to suppress the photographic identification of the appellant.

The issues presented for appellate review are found to be without merit. Accordingly, the judgment of the trial court is affirmed.

SCOTT, P.J., and WHITE, J., concur.