IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1999 SESSION

FILED

July 23, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| JERRY W. BURTON, | ) | |
| | ) | C.C.A. No. 03C01-9809-CR-00340 |
| Appellant, | ) | |
| | ) | Johnson County |
| v. | ) | |
| | ) | Honorable Lynn W. Brown, Judge |
| STATE OF TENNESSEE, | ) | |
| | ) | (Habeas Corpus) |
| Appellee. | ) | |

FOR THE APPELLANT:

Jerry W. Burton, pro se
#086470
Northeast Correctional Complex
P. O. Box 5000
Mountain City, TN  37683

FOR THE APPELLEE:

Paul G. Summers
Attorney General & Reporter

Ellen H. Pollack
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243

OPINION FILED: _____

AFFIRMED

ALAN E.  GLENN, JUDGE

**O P I N I O N**

The defendant, Jerry W. Burton, has filed a petition for writ of habeas corpus, alleging that his convictions are void because no elements of the offenses for which he was convicted occurred in Hawkins County, Tennessee, where he was prosecuted. Based upon our review of this matter, we affirm the holding of the trial court in dismissing his petition for writ of habeas corpus.

The opinion of this Court in Jerry Wesley Burton v. State, [no number in original], Hawkins County, slip op. at 1 (Tenn. Crim. App., Knoxville, July 9, 1985) set out the history of prior post-conviction attacks filed by the defendant. According to that opinion, the defendant entered guilty pleas to the various charges against him and later filed a series of petitions for post-conviction relief, his third such petition resulting in the 1985 opinion which upheld the decision of the trial court in dismissing that petition. The charges to which the defendant entered guilty pleas are set out in Jerry W. Burton v. State, No. 03C01-9704-CR-00122, 1998 WL 135512, at *1 (Tenn. Crim. App., Knoxville, March 26, 1998), perm. app. denied (Tenn. 1998). In the charges against him in Hawkins County, the defendant entered guilty pleas to the offenses of criminal sexual conduct first degree, assault with intent to commit murder, kidnapping, and armed robbery and was sentenced to life imprisonment plus twenty-four years. In his petition, the defendant attacked each of these convictions, but in his initial brief and his reply brief filed with this Court in support of his petition, he has argued only that the conviction for criminal sexual conduct first degree is void because it was prosecuted in the wrong county. However, since the defendant first attacked all of his convictions on the same basis, we will presume that he did not intend to waive this argument by not raising it in his two appellate briefs.

Exhibit B to the petition is a partial transcript of the preliminary hearing for the charges then pending against him on May 31, 1979, in the Hawkins County General Sessions Court. Counsel for the co-defendant argued that Hawkins County was not the appropriate venue for prosecution of the criminal sexual conduct first degree charge

against the defendant because all of the elements of that offense occurred in Hamblen County.

Exhibits C and D to the petition are handwritten, notarized statements given by the two victims. The statement of the male victim describes in some detail how the two defendants held knives to his and the female victim's throats, as the four of them were in the male victim's automobile in Hawkins County.[1] One of the defendants stated that the victims would be "cut" if they did not cooperate with the two defendants. In her notarized statement, the female victim said that, shortly after the initial encounter, as the victims and the defendants were in the male victim's automobile in Hawkins County, the defendant known as "Jerry" put a knife to her throat, and both defendants told the victims they would not be hurt if they cooperated. Thus, while still in Hawkins County, the defendants had taken control of both victims, putting both in fear and depriving both of their liberty. The defendants took the victims to Hamblen County, where the female victim was raped, and then returned the victims to Hawkins County, throwing both off a bridge and into a river. Later, the defendants were apprehended; and, according to Exhibit A to the petition, the defendant was found guilty of the offenses of criminal sexual conduct first degree, armed robbery, kidnapping, and assault with intent to commit murder.

Based upon these facts and convictions, the defendant claims that he should not have been prosecuted in Hawkins County since, according to his petition, all of the elements of criminal sexual conduct first degree occurred in Hamblen County.

As the State's brief correctly contends, the Tennessee Rules of Criminal Procedure, which were in effect at the time of the offenses of which the defendant was convicted, set out the venue for prosecution of offenses or criminal episodes occurring in more than one jurisdiction.

---

[1]The male victim, at some point, recognized the defendant, Jerry W. Burton, for they had attended elementary school together. The two defendants had been allowed into the automobile of the male victim after the defendants approached and asked for a ride, claiming that their car was broken and they needed a ride to their home.

Rule 8(a), regarding mandatory joinder of offenses, provides that multiple offenses shall be joined "if the offenses are based upon the same conduct or arise from the same criminal episode. . . ." Rule 8(b), regarding permissive joinder, allows offenses to be joined if they "constitute parts of a common scheme or plan or if they are of the same or similar character." Since the two victims were controlled by the defendants from the time that knives were put to the victims' throats in Hawkins County until they were thrown from a bridge in Hawkins County, after the rape had occurred in Hamblen County, the four offenses were both based "upon the same conduct" and arose "from the same criminal episode," allowing them to be joined in a single prosecution.[2]  Thus, it is clear that the prosecution of these four offenses properly occurred in a single forum, that being Hawkins County.

Rule 18(b), Tennessee Rules of Criminal Procedure, sets out the venue provisions for prosecution of criminal offenses. It provides, in pertinent part, "If one or more elements of an offense are committed in one county and one or more elements in another, the offense may be prosecuted in either county."

Criminal sexual conduct first degree, for which the defendant was convicted, is set out in Chapter 937 of the Public Acts of 1978. Among the elements of the offense are that the actor use a weapon "to force or coerce the victim to engage in sexual penetration." If any of these elements occurred in Hawkins County, the defendant was properly prosecuted there for this offense.

Although the defendant has contended that no elements of the offense of criminal sexual conduct first degree occurred in Hawkins County, this is not the case. As previously discussed, both victims stated in their affidavits that the defendants put knives to their

---

[2]The Advisory Commission Comments to Rule 8 explain the reasons for the mandatory/permissive provisions of the rule. It is designed, according to the Comments, "to encourage the disposition in a single trial of multiple offenses arising from the same conduct and from the same criminal episode, and should therefore promote efficiency and economy." It is further intended, according to the Comments, that the rule will stop the practice of "saving back" one or more charges which are part of the same episode for which a defendant is being prosecuted. If there is a "saving back" of a charge or charges, they are barred from being prosecuted after the first trial.

throats while still in Hawkins County, where one defendant also told the victims that they would be cut if they did not cooperate.

It is apparent from the statement of the female victim that, after the defendants had put knives to the victims' throats and threatened to cut them unless they cooperated, force and coercion continued throughout the episode to control the victims. She stated that the defendant called "Jerry" hit the male victim with his fist, pulled his hair, and threatened to kill them both if they did not cooperate. While the victims and the defendants were in Hamblen County, "Jerry" ripped the clothes off the female victim after she refused to disrobe. She was then raped by "Mark," while "Jerry" held and struck the male victim when she refused to cooperate. According to her statement, "Jerry" also kicked her in the head.

The facts of this case are similar to those of State v. Davis, 872 S.W.2d 950 (Tenn. Crim. App.), perm. app. denied (Tenn. 1993), in which a rape victim was kidnapped at gunpoint from the parking lot of a grocery store in Blount County, Tennessee, and driven away in her own car by one of her abductors. She was later raped multiple times and then driven to North Carolina, where she was again raped. The defendants claimed that the prosecution had not proven that Blount County was the proper venue for prosecuting the aggravated rape and aggravated robbery charges. In disposing of these contentions, the Court stated:

> The record demonstrates that elements of both of the offenses of aggravated rape and aggravated robbery first occurred in Blount County where force and coercion were used by the appellants to obtain entry into the victim's vehicle and take her away. With regard to the offense of aggravated robbery, appellant Davis entered the vehicle with a deadly weapon. With regard to the offense of aggravated rape, the force and coercion began at this point. In addition, appellant Davis and appellant Tipton aided and abetted each other and used force in beginning this series of offenses in Blount County at the Red Food Store. Accordingly, since an element of the crimes occurred in Blount County, venue was proper in Blount County.

Davis, 872 S.W.2d at 953.

In this case, the defendant and his co-defendant entered the victims' automobile in

5

Hawkins County, where each put a knife to the throat of a victim, and one of the defendants stated that the victims would be cut if they did not cooperate. By this means, both victims were under the control of the defendants beginning in Hawkins County, although the rape occurred in Hamblen County. Thus, in Hawkins County, the defendants first used their knives to threaten the two victims and to force or coerce the female victim to engage in sexual intercourse. Accordingly, the joinder provisions of Rule 8, Tennessee Rules of Criminal Procedure aside, the charge of criminal sexual conduct first degree could have been prosecuted in either Hawkins County where the force and coercion necessary to accomplish the rape first occurred, or in Hamblen County where the rape actually occurred.

It is clear that a multi-county criminal episode such as this, resulting in several related criminal charges, is precisely that envisioned by Rule 8, Tennessee Rules of Criminal Procedure, providing that all charges resulting from the incident should be prosecuted in a single trial and Rule 18, allowing a criminal offense to be prosecuted in any county in which one of its elements occurred. In fact, if the defendant's theory were correct, it seems likely that he would have been faced with prosecutions in both Hawkins and Hamblen Counties, each trial involving the same witnesses and the same proof. In such trials, the prosecution could be expected to prove not only the facts necessary for the charge(s) being prosecuted in that county, but, also, the facts of the crimes occurring in the other county. Thus, there are both legal and practical reasons that all such charges are prosecuted in a single trial in one venue.

Based upon the foregoing, the judgment of the trial court is affirmed.

_____
ALAN E. GLENN, JUDGE

CONCUR:


_____
JAMES CURWOOD WITT, JR., JUDGE



_____
JOHN EVERETT WILLIAMS, JUDGE