IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 15, 2006

## BOBBY DAVIS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Blount County**
**No. C-9489     Jon Kerry Blackwood, Judge**

_____

**No. E2006-00667-CCA-R3-PC Filed September 18, 2006**

_____

The petitioner, Bobby Davis, appeals from the post-conviction court's order dismissing his petition for post-conviction relief after finding that the petition was filed outside the statute of limitations. Tenn. Code Ann. § 40-30-102(a).  On appeal, the petitioner argues that his right to due process required the statute of limitations be tolled.  Following our review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, J., and J.S. DANIEL, SR. J., joined.

James R. Hickman, Sevierville, Tennessee, for the appellant, Bobby Davis.

Paul G. Summers, Attorney General and Reporter; Brian Clay Johnson, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Rocky H. Young, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On November 16, 1991, a jury convicted the petitioner of aggravated rape and aggravated robbery, for which he received a total effective sentence of thirty-three years.  The facts of the crimes were set out on direct appeal:

> [O]n the evening of January 7, 1991, the victim went to the Red Food Store from her mother's house at approximately 11:30 p.m.  She heard a car drive up fast behind her. At that time, a man tapped her window, jerked open her door, stuck a handgun in her side and said, "Move over, bitch."  This man had on a ski mask.  She gave him the

keys as he demanded, and he started the car and drove out of the lot.

She later saw the face of this man and identified him as the [petitioner]. He made her blindfold herself with a beach towel she had in her car. She heard a small car following them. Later that evening, she was able to see the face of the second man, and she identified him as [codefendant] Tipton.

In the course of the evening, the appellants drove the victim around stopping at intervals at which times she was repeatedly raped vaginally and anally, forced to perform fellatio and threatened at gunpoint. The victim was taken to a motel just across the North Carolina state-line and was further raped. She remained in captivity throughout the following day until one of her captors wrecked her vehicle and eventually took her to another motel in Sweetwater, where the victim managed to escape.

State v. Davis, 872 S.W.2d 950, 952 (Tenn. Crim. App. 1993). On September 7, 1993, our supreme court denied the petitioner's application for permission to appeal.

On May 23, 1996, the petitioner filed a *pro se* petition for post-conviction relief,[1] setting out a number of claims for relief, primarily alleging ineffective assistance of counsel and violations of his rights to due process and equal protection of the law, followed by an "Addendum" to his petition on September 16, 1996. The post-conviction court subsequently appointed post-conviction counsel #1 to represent the petitioner and set the matter for a hearing sometime prior to March 30, 1998. Counsel filed an amended petition on July 23, 2001, and the petitioner filed two *pro se* amended petitions on that date as well. Over the following nine years, the matter was repeatedly set and then continued.

In February and March 2004, the petitioner filed identical motions to have post-conviction counsel #1 removed, contending that he "ha[d] lost the [t]rial [t]echnical [r]ecord and [t]rial [t]ranscripts" and concealed that fact from the petitioner. In support of his motions, the petitioner submitted a November 3, 2003, order from this court denying a motion to withdraw the record on appeal filed by Rodney L. Tipton, the petitioner's co-defendant at trial. The order sets out that post-conviction counsel #1 checked out the nine-volume trial record in February 1997, that this court ordered him in February 2003 to return the record or "file a sworn statement setting forth his efforts to locate the record if it could not be located," and that he had done neither. The order also recites that a replacement transcript could not be produced because the relevant tapes were no longer available.

On March 23, 2004, post-conviction counsel #1 was allowed to withdraw and subsequently, at various times, five other attorneys were appointed to represent the petitioner, with each later withdrawing either at counsel's request or that of the petitioner.

---

[1]The petition's notarization shows that the petitioner signed the petition on May 20, 1996.

On October 28, 2005, the State filed a motion to dismiss the petitioner's petition for post-conviction relief asserting that the statute of limitations had run before the petition was filed. After a hearing on November 3, 2005, the post-conviction court granted the State's motion, finding that "[t]he [p]etition was filed outside of the statute of limitations."

## ANALYSIS

On September 7, 1993, the day our supreme court denied the petitioner's application for permission to appeal, the statute of limitations for post-conviction petitions was three years. Tenn. Code Ann. § 40-30-102 (1990) (repealed 1995). However, in 1995 the legislature shortened the statutory period to one year and provided a one-year statutory period for those claims as to which the existing statute had not run:

> This act shall take effect upon becoming a law,[2] the public welfare requiring it and shall govern all petitions for post-conviction relief filed after this date, and any motions which may be filed after this date to reopen petitions for post-conviction relief which were concluded prior to the effective date of this act. Notwithstanding any other provision of this act to the contrary, any person having a ground for relief recognized under this act shall have at least one (1) year from the effective date of this act to file a petition or a motion to reopen under this act.

1995 Tenn. Pub. Acts 207, § 3. This provision of the new act was directed at "a potential class of petitioners for whom the one year limitations period under the new law had expired but the three year limitations period under the old law had not," Carter v. State, 952 S.W.2d 417, 420 (Tenn. 1997), its effect being that such petitioners would have one full year from the effective date of the act, until May 10, 1996, in which to timely file their petitions for post-conviction relief. See id.

The petitioner in this matter fell within this class: his claim would not have expired under the old three-year period until September 7, 1996, but had already expired under the new one-year period on September 7, 1994. As such, he was allowed until May 10, 1996, to timely file a petition for post-conviction relief; and his filing, on May 23, 1996, was thirteen days late. On appeal, he argues that the post-conviction court "erred by not holding a hearing to determine if due process required a tolling of the statute of limitations and further erred by dismissing the [petitioner's] [p]etition for [p]ost-[c]onviction [r]elief when due process required that the statute of limitations be tolled." The State argues that the petitioner has waived this issue because he did not include the transcript of the hearing in the record on appeal. This court directed that a copy of the transcript of the hearing be added to the record on appeal. We have reviewed that transcript and note that, at the hearing, the petitioner's argument was that, since his claim was only thirteen days late, the statute of limitations should not bar it. He did not offer any explanation as to why his filing was untimely or contend, as he has on appeal, that barring his claim as untimely would violate his constitutional rights. Accordingly, the petitioner's due process argument is waived, for it is presented for the first

---

[2] The act became law on May 10, 1995.

time on appeal.  <u>See</u> <u>State v. Alvarado</u>, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996) ("[O]rdinarily, issues raised for the first time on appeal are waived.") (citing <u>State v. Burtis</u>, 664 S.W.2d 305, 310 (Tenn. Crim. App. 1983)).  However, even if not waived, this claim would be without merit, as this court concluded when presented with an identical claim in <u>Carothers v. State</u>, 980 S.W.2d 215, 218 (Tenn. Crim. App. 1997) (application of the shortening of the statute of limitations for filing a post-conviction claim did not violate a petitioner's due process rights because he still was afforded a "reasonable opportunity" after the effective date of the new act to file his claim).

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the post-conviction court's dismissal of the petition.

_____
ALAN E. GLENN, JUDGE