# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs November 27, 2007

## BOBBY A. DAVIS v. HOWARD CARLTON, WARDEN

**Direct Appeal from the Criminal Court for Johnson County**
**No. 5074      Lynn W. Brown, Judge**

---

**No. E2007-01279-CCA-R3-HC - Filed February 4, 2008**

---

The *pro se* petitioner, Bobby A. Davis, appeals the summary dismissal of his petition for writ of habeas corpus, arguing that his aggravated rape and aggravated robbery convictions are void due to various defects in the indictments. Following our review, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Bobby A. Davis, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and David H. Findley, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

In 1991 the petitioner and his codefendant, Rodney Tipton, were each convicted of aggravated rape and aggravated robbery and received effective sentences of thirty-three years. The petitioner's convictions were affirmed by this court on direct appeal, and our supreme court denied his application for permission to appeal. See State v. Davis, 872 S.W.2d 950 (Tenn. Crim. App.), perm. to appeal denied (Tenn. 1993). Our direct appeal opinion provides the following account of the crimes:

> The proof adduced at trial reveals that on the evening of January 7, 1991, the victim went to the Red Food Store from her mother's house at approximately 11:30 p.m. She heard a car drive up fast behind her. At that time, a man tapped her

window, jerked open her door, stuck a handgun in her side and said, "Move over, bitch." This man had on a ski mask. She gave him the keys as he demanded, and he started the car and drove out of the lot.

She later saw the face of this man and identified him as the [petitioner]. He made her blindfold herself with a beach towel she had in her car. She heard a small car following them. Later that evening, she was able to see the face of the second man, and she identified him as the appellant Tipton.

In the course of the evening, the appellants drove the victim around stopping at intervals at which times she was repeatedly raped vaginally and anally, forced to perform fellatio and threatened at gunpoint. The victim was taken to a motel just across the North Carolina state-line and was further raped. She remained in captivity throughout the following day until one of her captors wrecked her vehicle and eventually took her to another motel in Sweetwater, where the victim managed to escape.

Id. at 952.

The petitioner later filed a petition for post-conviction relief, which the post-conviction court dismissed as untimely. This court affirmed the dismissal of the petition for post-conviction relief, and our supreme court denied the petitioner's application for permission to appeal. See Bobby Davis v. State, No. E2006-00667-CCA-R3-PC, 2006 WL 2684820, at *1 (Tenn. Crim. App. Sept. 18, 2006), perm. to appeal denied (Tenn. Jan. 29, 2007).

On April 23, 2007, the petitioner filed a *pro se* petition for writ of habeas corpus, alleging that his convictions were void due to various defects in the charging instruments. Specifically, he asserted that the trial court lacked subject matter jurisdiction or legal authority to render judgment on the aggravated rape conviction because: (1) the conviction stemmed from an improper amendment to the original indictment, which had charged the petitioner with aggravated kidnapping; (2) the trial court substantively altered the charging terms of the indictment by its instructions to the jury, which allowed the jury to convict the petitioner based on findings that he either caused bodily injury to the victim or was aided and abetted by another; and (3) the indictment failed to allege the *mens rea* of the crime. The petitioner asserted that the trial court lacked subject matter jurisdiction or legal authority to enter judgment on the aggravated robbery conviction because of an improper amendment to that indictment, which charged him with taking "a 1980 Pontiac Firebird" in addition to the items alleged in the original indictment.

Among the documents the petitioner attached in support of his petition were the two indictments in his case. Indictment No. C-5588, issued on April 15, 1991, charged that the petitioner "did unlawfully and forcibly, while armed with a weapon, to-wit: A hand gun, sexually penetrate [the victim], in violation of Tennessee Code Annotated Section 39-13-502[.]" Indictment No. C-5707, issued the same day and signed by the same grand jury foreman, charged that the

petitioner "did unlawfully and knowingly obtain property, a purse and contents, from the person of [the victim] by violence and accompanied by the use of a deadly weapon, to-wit: A hand gun, as a result of which [the victim] suffered serious bodily injury . . . ." The petitioner attached the two judgments corresponding to those indictments, which show that he was convicted in Case No. C-5588 of aggravated rape and in Case No. C-5707 of aggravated robbery. He also attached two orders of the trial court amending the indictments. An order entered on November 5, 1991, and approved by the district attorney general and counsel for the petitioner, amended Indictment No. C-5707 by the inclusion of the words "and a 1980 Pontiac Firebird automobile." Another order, entered on August 13, 1991, in Case No. C-5588, states:

> This cause came on to be heard on the 13th day of August, 1991, upon the motion to amend the indictment to charge aggravated rape filed by the State, the defendant being represented by Kevin Shepherd, Assistant Public Defender for Blount County and the State being represented by the District Attorney General. After hearing argument from counsel for both parties, the Court is of the opinion that the motion is well taken and it is approved.

The State responded with a motion to dismiss, arguing, *inter alia*, that the petitioner's allegations, even taken as true, would render the convictions merely voidable. On May 24, 2007, the habeas court summarily dismissed the petition, concluding that none of the allegations would support a finding by the court that the petitioner's convictions were void or his sentences expired. The petitioner now appeals the habeas court's order of summary dismissal.

## ANALYSIS

Whether the petitioner is entitled to habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions. Id.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). The judgment of a court of general jurisdiction is conclusive and presumed to be valid, and such a judgment can only be impeached if the record affirmatively shows that the rendering court was without personal or subject matter jurisdiction. Archer v. State, 851 S.W.2d 157, 162 (Tenn. 1993). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers, 212 S.W.3d at 256 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when "a habeas corpus petition fails to

establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)).

The petitioner first argues that the trial court lacked subject matter jurisdiction or authority to render judgment on the conviction for aggravated rape because "the conviction stemmed from an amendment to the original indictment charging [the petitioner] with aggravated kidnapping[.]" In support, he relies not only on the exhibits he attached to his petition, but also on documents he did not provide to the habeas court: his arrest warrant charging him with aggravated kidnapping and his March 26, 1991, "Notice of Defendant's Claim to Right of Speedy Trial," in which his trial counsel stated that the petitioner had been incarcerated on the charge of aggravated kidnapping in Case No. C-5588. The petitioner suggests, based on these documents, that the trial court had the aggravated rape indictment entered *nunc pro tunc* to reflect the date of April 15, 1991, after ruling on the State's motion to amend the aggravated kidnapping indictment. He asserts that he did not agree to have the original indictment for aggravated kidnapping transformed into an indictment for aggravated rape.

The State argues, *inter alia*, that the petitioner is not entitled to relief on the basis of this claim because the record shows two facially valid indictments and two corresponding judgments. We agree with the State. The petitioner alleges that he was originally indicted for aggravated kidnapping and that the indictment was later amended, without his consent, to an indictment for aggravated rape. However, there is nothing in the record to support these claims. In Summers, our supreme court stressed that it is the petitioner who bears the burden of proving that he is entitled to habeas corpus relief:

> The habeas corpus statutes place the burden of proving entitlement to relief upon the petitioner. Tennessee Code Annotated section 29-21-109 provides in pertinent part: "If, *from the showing of the petitioner*, the plaintiff would not be entitled to any relief, the writ [of habeas corpus] may be refused. . . ." (Emphasis added). . . . More recently, . . . we have reiterated that when a habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing.

Summers, 212 S.W.3d at 260 (citations omitted). Thus, because the judgment in Summers was facially valid and Summers failed to support his allegations with documents from the underlying proceedings, the court concluded that summary dismissal of the petition was proper. Id. at 262.

Here, likewise, the petitioner has not supported his allegation that an aggravated kidnapping indictment was improperly amended to an indictment for aggravated rape with any proof from the record of the proceedings. The August 13, 1991, order of the trial court amending the indictment to aggravated rape contains no reference to what was charged in the original indictment. The petitioner asserts that his "efforts to secure the original indictment in Case No. C-5588 charging him with aggravated kidnapping have been hamstrung by the loss of the record compiled on direct appeal." Thus, he urges this court to eschew a narrow reading of Summers and to appoint counsel to help with his problem. We note, however, that the petitioner did not raise the allegedly improper

amendment of the indictment as an issue on direct appeal. See Davis, 872 S.W.2d at 950. Had such an improper amendment of the indictment occurred, we think it unlikely that trial counsel would not have raised it as an issue before this court. Regardless, it remains the petitioner's burden to prove his allegations in a habeas corpus petition, and he has failed to do so.

The petitioner next contends that the trial court constructively amended the aggravated rape indictment by its instructions to the jury, which allowed the jury to find him guilty based on alternate theories of the offense from the one alleged in the indictment. The State argues that erroneous jury instructions would at most render a judgment voidable and not void. We, again, agree with the State.

This court has repeatedly found that erroneous jury instructions do not form the basis for habeas corpus relief. See Ronald Eugene Gilmore v. Kenneth Locke, Warden, No. M2005-01235-CCA-R3-HC, 2006 WL 1097493, at *4 (Tenn. Crim. App. Mar. 30, 2006) ("'Erroneous jury instructions meet none of the . . . requirements for habeas corpus relief. The only method of collaterally attacking the judgment because of constitutional deprivations occasioned by erroneous jury instructions is by petition for post conviction relief.'") (quoting Willie Edward Thornton v. Raney, No. 02C01-9302-CC-00025, slip op. at 2 (Tenn. Crim. App., at Jackson, Jan. 26, 1994)); John Haws Burrell v. Howard Carlton, Warden, No. E2004-01700-CCA-R3-HC, 2005 WL 544732, at *2 (Tenn. Crim. App. Mar. 8, 2005) (concluding that petitioner's argument that trial court provided erroneous instructions to jury, even if true, "would merely render the convictions voidable, not void"), perm. to appeal denied (Tenn. June 20, 2005); Vance McCaslin v. State, No. 01C01-9611-CC-00480, 1998 WL 44919, at *1 (Tenn. Crim. App. Feb. 5, 1998) ("As a general rule, neither erroneous jury instructions nor the ineffective assistance of counsel entitle a petitioner to habeas corpus relief. Even if taken as true, such allegations only render a conviction voidable, not void."), perm. to appeal denied (Tenn. Nov. 9, 1998). We find State v. Stokes, 24 S.W.3d 303 (Tenn. 2000), and Demonbreun v. Bell, 226 S.W.3d 321 (Tenn. 2007), upon which the petitioner relies in support of his claim, inapposite to this case, as they both deal with convictions arising out of the trial courts' erroneous instructions to the jury that the conviction offenses were lesser-included offenses of the offenses that had been charged in the indictments.

The petitioner next contends that his aggravated rape conviction is void because the indictment failed to allege the *mens rea* of the offense. The State cites State v. Hill, 954 S.W.2d 725 (Tenn. 1997), to argue that the indictment met the constitutional and statutory requirement of notice to the petitioner. In Hill, our supreme court concluded that for offenses, such as aggravated rape,

> which neither expressly require nor plainly dispense with the requirement for a culpable mental state, an indictment which fails to allege such mental state will be sufficient to support prosecution and conviction for that offense so long as
>
> > (1) the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;

> (2) the form of the indictment meets the requirements of Tenn. Code
> Ann. § 40-13-202; and
>
> (3) the mental state can be logically inferred from the conduct alleged.

Id. at 726-27. The indictment here met all these requirements, charging that the petitioner

> on the 7th/8th day of January, 1991, in Blount County, Tennessee, and before the
> finding of this indictment, did unlawfully and forcibly, while armed with a weapon,
> to-wit: A hand gun, sexually penetrate [the victim], in violation of Tennessee Code
> Annotated, Section 39-13-502, all of which is against the peace and dignity of the
> State of Tennessee.

Because Tennessee Code Annotated section 39-13-502 does not specify a mental state, the offense is committed when a defendant acts intentionally, knowingly, or recklessly. Id. at 729 (citing Tenn. Code Ann. § 39-11-301(c)). And, as the Hill court observed, the act of "unlawfully sexually penetrat[ing]" a victim "is committable only if the principal actor's *mens rea* is intentional, knowing, or reckless." Id. (footnote omitted). The petitioner is simply wrong in his assertion that aggravated rape cannot be committed recklessly. See id., n.6; State v. Hood, 221 S.W.3d 531, 546 (Tenn. Ct. App. 2006) (concluding that offense of aggravated rape may be committed with intent, knowledge, or recklessness and, thus, that it was not error for the trial court to include the *mens rea* of recklessly in its charge to the jury).

Finally, the petitioner contends that his aggravated robbery conviction is void because the trial court improperly amended the indictment with the inclusion of the words "and a 1980 Pontiac Firebird automobile." We respectfully disagree. As the State points out, the order of the trial court amending the indictment contains the signatures of both the district attorney and the petitioner's trial counsel, indicating that the petitioner agreed to the amendment. See Tenn. R. Crim. P. 7(b) (providing that an indictment "may be amended in all cases with the consent of the defendant").

## CONCLUSION

We conclude that the petitioner has not met his burden of showing that either his aggravated rape or aggravated robbery conviction is void. Accordingly, we affirm the habeas court's summary dismissal of the petition.

_____
ALAN E. GLENN, JUDGE