IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 29, 2008

## RODNEY L. TIPTON v. HOWARD CARLTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 5040     Robert E. Cupp, Judge**

_____

**No. E2007-02625-CCA-R3-HC - Filed August 14, 2008**

_____

The petitioner, Rodney L. Tipton, was denied habeas corpus relief by the Johnson County Criminal Court from his 1992 judgments for jury convictions of aggravated rape and aggravated robbery and effective thirty-three-year sentence as a Range I offender.  On appeal, he contends that he is entitled to habeas corpus relief because the trial court constructively amended the indictment for aggravated rape by including in its jury instructions modes of the offense which were not charged in the indictment and because the trial court erroneously amended the aggravated robbery indictment by allowing an amendment to include a car as an additional item taken in the course of the robbery. Upon review, we hold that the trial court properly dismissed the petition and affirm its order dismissing the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Rodney L. Tipton, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; and Anthony Wade Clark, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner and his co-defendant, Bobby A. Davis, were convicted of aggravated rape and aggravated robbery by a Blount County Criminal Court jury.   The petitioner appealed unsuccessfully to this court. State v. Davis, 872 S.W.2d 950 (Tenn. Crim. App.), app. denied (Tenn. 1993).  He was also prosecuted in federal court based upon the same facts which underlie the state convictions. United States v. Tipton, 11 F.3d 602 (6th Cir. 1993), cert. denied, 512 U.S. 1212, 114 S. Ct. 2692 (1994).  The petitioner filed a petition for the writ of habeas corpus in Blount County Criminal Court, which on appeal after dismissal this court held that the petition was cognizable as a post-conviction petition and remanded it for further consideration. Rodney Lee Tipton v. State, No. 03C01-9601-CC-00003, Blount County (Tenn. Crim. App. Mar. 21, 1996) (order remanding

case for further consideration). The petitioner was later denied post-conviction relief for the state convictions. <u>Rodney Tipton v. State</u>, No. E2001-00001-CCA-R3-PC, Blount County (Tenn. Crim. App. June 28, 2002), <u>app. denied</u> (Tenn. Dec. 23, 2002).

The petitioner filed the present habeas corpus petition alleging that the aggravated rape indictment was void because it failed to allege a mens rea, that the trial court's charging the jury with alternative means of committing the offense amounted to an impermissible amendment of the indictment, and that the trial court erroneously permitted amendment of the aggravated robbery indictment to include taking of "a 1980 Pontiac Firebird." On appeal, the petitioner has raised the latter two of these claims.

In Tennessee, a person who is imprisoned or otherwise under restraint, except for federal prisoners held under the exclusive authority of the federal government without any Tennessee restraint, may prosecute a petition for the writ of habeas corpus to inquire into the legality of the state restraint. T.C.A. §§ 29-21-101, -102; <u>Faulkner v. State</u>, 226 S.W.3d 358 (Tenn. 2007). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. <u>Archer v. State</u>, 851 S.W.2d 157, 163 (Tenn. 1993) (citing <u>State ex rel. Newsom v. Henderson</u>, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968)). Habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that his sentence has expired. <u>Archer</u>, 851 S.W.2d at 164. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. <u>State ex rel. Kuntz v. Bomar</u>, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964).

## I

First, we consider the petitioner's bid for habeas corpus relief based upon the allegation that the trial court charged the jury with additional means of committing aggravated rape that were not alleged in the indictment. A claim of erroneous jury instructions is not a cognizable basis for habeas corpus relief. <u>See, e.g.</u>, <u>Bobby A. Davis v. Howard Carlton</u>, No. E2007-01279-CCA-R3-HC, Johnson County (Tenn. Crim. App. Nov. 27, 2007), <u>app. denied</u> (Tenn. Apr. 28, 2008) (co-defendant's habeas corpus action). Such allegations give rise to a claim of a voidable, not void, judgment. <u>See, e.g.</u>, <u>John Haws Burrell v. Howard Carlton</u>, No. E2004-01700-CCA-R3-HC, Johnson County (Tenn. Crim. App. Mar. 8, 2005) (holding that claim of erroneous jury instructions presented voidable claim which was not cognizable in habeas corpus action), <u>app. denied</u> (Tenn. June 20, 2005). The trial court properly dismissed this claim.

## II

The petitioner's second issue is that the trial court lacked jurisdiction to enter a judgment against him on the aggravated robbery charge because the trial court allowed amendment of the indictment to include a description of additional property taken from the victim. This court has rejected an identical allegation made by the petitioner's co-defendant. <u>See</u> <u>Bobby A. Davis</u>, slip op. The court noted in that case that an order of the trial court amending the indictment contained the signatures of both the prosecutor and defense counsel. <u>See</u> <u>id.</u> The petitioner in the present case acknowledges in his appellate brief the existence of this order. Our Rules of Criminal Procedure

provide that a trial court may amend an indictment in certain circumstances, one of which is with the defendant's consent. Tenn. R. Crim. P. 7(b) (1991) (now Rule 7(b)(1)). The trial court properly dismissed this claim.

In consideration of the foregoing and the record as a whole, the judgment of trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE